Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8796 | **DATE** | 2/5/2004 |
| **CASE TITLE** | Brewer vs. City of Evanston | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Hearing held on plaintiff's motion to strike defendant's additional exhibits [36-1]. For the reasons stated in the attached memorandum opinion and order, plaintiff's motion to strike defendant's additional exhibits [36-1] is denied as moot. Defendant's motion for summary judgment [21-] is denied. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | FEB 0 6 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 39 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| MF | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| JOHN W. BREWER, | ) | DOCKETED |
|---|---|---|
| | ) | FEB 0 6 2004 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No: 02 C 8796 |
| | ) | |
| CITY OF EVANSTON FIRE DEPARTMENT, | ) | Judge John W. Darrah |
| a Municipal Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, John W. Brewer, filed suit against Defendant, the City of Evanston Fire Department. Plaintiff alleges a violation of Title VII of the Civil Rights Act of 1964. Presently before the Court is Cook County's Motion for Summary Judgment. For the reasons that follow, Defendant's Motion for Summary Judgment is denied.

## LEGAL STANDARD

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 40 F.3d 146, 150 (7th Cir. 1994). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Thus, although the moving party on a motion for summary judgment is responsible for demonstrating to the court why there is no genuine issue of material fact, the non-moving party must go beyond the face of the pleadings, affidavits, depositions, answers to interrogatories, and admissions on file to

demonstrate, through specific evidence, that a genuine issue of material fact exists and to show that a rational jury could return a verdict in the non-moving party's favor. *Celotex*, 477 U.S. at 322-27; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254-56 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 923 (7th Cir. 1994).

Disputed facts are material when they might affect the outcome of the suit. *First Ind. Bank v. Baker*, 957 F.2d 506, 507-08 (7th Cir. 1992). When reviewing a motion for summary judgment, a court must view all inferences to be drawn from the facts in the light most favorable to the opposing party. *Anderson*, 477 U.S. at 247-48; *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 731 (7th Cir. 1999). However, a metaphysical doubt will not suffice. *Matsushita*, 475 U.S. at 586. If the evidence is merely colorable or is not significantly probative or is no more than a scintilla, summary judgment may be granted. *Anderson*, 477 U.S. at 249-250.

## BACKGROUND

The undisputed facts, for the purposes of this motion, taken from the parties' Local Rule 56.1(a) & (b) statements of material facts (referred to herein as "Pl.'s 56.1" and "Def.'s 56.1") and exhibits, are as follows.

### *Previous Promotion Postings*

Plaintiff, an African-American, is a Captain in the Bureau of Fire Prevention. Pl.'s 56.1 ¶ 1. On or about November 4, 1998, the Defendant posted an internal posting for the position of Division Chief in the Fire Department/Administration Division. Def.'s 56.1 ¶ 4. This posting required that a candidate possess a State of Illinois Fire Officer I Certification and State of

Illinois Instructor II Certification. Pl.'s 56.1 ¶ 39. Plaintiff was the only qualified applicant for the promotion. Def.'s 56.1 ¶¶ 6-9.

Plaintiff was interviewed for the promotion on or about July 13, 1999. Def.'s 56.1 ¶ 11. Plaintiff interviewed for the promotion before a panel consisting of Fire Chief John Wilkinson; Division Chiefs Michael Whalen, Alan Berkowsky, and Samuel Hunter; and the Director of the Department of Human Resources, Judy Witt. Def.'s 56.1 ¶¶ 11-14. Plaintiff also answered a set of written questions for the panel. Def.'s 56.1 ¶ 20. The panel was an advisory panel, and Chief Wilkinson held the ultimate decision on who should be appointed. Def.'s 56.1 ¶ 15.

After the interview and the completion of the written exercise, none of the members of the panel concluded that Plaintiff should be promoted to the position of Fire Chief. Def.'s 56.1 ¶¶ 21-27. Plaintiff did not receive that promotion. Def.'s 56.1 ¶ 28.

On or about July 22, 1999, Defendant posted an internal posting for the position of Division Chief, Fire Department/Operations Division. Def.'s 56.1 ¶ 30. This promotion required a candidate to possess a State of Illinois Fire Officer I Certification and State of Illinois Instructor II Certification. Pl.'s 56.1 ¶ 74. Plaintiff and Ben Jaremus applied for the promotion. Def.'s 56.1 ¶¶ 31-32.

On or about December 3, 1999, before Plaintiff was interviewed and completed written exercises for the promotion, Plaintiff filed a complaint with the City of Evanston Human Relations Commission. Def.'s 56.1 ¶ 33; Pl.'s 56.1 ¶ 77. After Plaintiff filed his complaint, the promotion process was halted. Pl.'s 56.1 ¶¶ 80-83.

*The July 17, 2000 Promotion Posting*

On or about July 17, 2000, Defendant posted an internal posting for the position of Division Chief, Fire Department/Operations Division. Def.'s 56.1 ¶ 44. This posting was substantially similar to the July 1999 posting; but the July 17, 2000 posting required the applicant to possess only a State of Illinois Fire Officer I Certification. Def.'s 56.1 ¶¶ 51-52. The applicant could then obtain the State of Illinois Instructor II Certification within eighteen months of the promotion. Def.'s 56.1 ¶ 52.

Plaintiff, Blair Haltom, and three other employees applied for this promotion. Def.'s 56.1 ¶ 57. Plaintiff's application and resume did not refer to fire suppression experience, any union activities, and specified that his areas of expertise with Defendant were stated as code enforcement, public education, and fire investigation. Def.'s 56.1 ¶¶ 60-65. Haltom, a Caucasian, worked in fire suppression, supervised fire fighters and paramedics, was the union president for the local fire fighters, and was responsible for shift operations and fire station operations throughout his career. Def.'s 56.1 ¶¶ 68-76.

On or about October 5, 2000, Plaintiff, Haltom, and the remaining candidates were interviewed before a panel consisting of Chief Wilkinson, Whalen, Berkowsky, Hunter, Robert Gustafson, and Witt. Def.'s 56.1 ¶ 79. The panel was an advisory panel, and Chief Wilkinson held the decision on who should be appointed. Def.'s 56.1 ¶ 80. All applicants were orally interviewed and required to perform a written exercise. Def.'s 56.1 ¶ 81.

During the panel's discussion regarding the candidates for the promotion, the panel members immediately concluded that Plaintiff and Haltom were the only candidates to consider. Def.'s 56.1 ¶ 86. Berkowsky and Witt believed Haltom performed better than Plaintiff in the

4

interview and the written portion of the promotion process; Whalen felt both candidates were equally qualified for the promotion, and Hunter felt Plaintiff was the better candidate. Def.'s 56.1 ¶¶ 87-96.

Chief Wilkinson, in choosing Haltom over Plaintiff, considered Haltom's greater experience in operations and suppression compared to Brewer's experience in the Fire Prevention Bureau, the fact that Haltom acted as shift chief and would bring operational experience to the position, and his experience with union activities. Def.'s 56.1 ¶ 97.

*Minimum Qualifications for the Promotion*

On July 17, 2000, Plaintiff had previously acquired his State of Illinois Fire Officer I Certification and State of Illinois Instructor II certificate. Pl.'s 56.1 ¶ 121. Haltom did not possess the Instructor II Certificate. Pl.'s 56.1 ¶ 122. Both Chief Wilkinson and Haltom himself believed that Haltom had completed all the training and the required course work for the Fire Officer I certification. Def.'s 56.1 ¶ 103; Def.'s Ex. 23, Haltom Aff. ¶ 8.

However, at the time of his application for the promotion, Haltom did not possess the Fire Officer I Certification. Pl.'s 56.1 ¶ 123. According to the Illinois State Fire Marshal Office, Haltom still did not possess the Fire Officer I Certification as of July 12, 2002. Pl.'s 56.1 ¶ 124.

*Prior Discriminatory Acts by Defendant*

In 1978, four African-Americans sued Defendant for racial discrimination associated with its promotion process. As a result of the litigation, Hunter was promoted but only after a Caucasian fire chief was promoted because of his refusal to promote an African-American. Pl.'s 56.1 ¶ 142. Hunter also stated that Defendant racially discriminated because, when Berkowsky

was acting Chief of the Fire Department, two African-Americans were not notified of a fire training class while a Caucasian captain was notified and allowed to attend. Pl.'s 56.1 ¶ 145.

## ANALYSIS

Plaintiff relies on the indirect method and the *McDonnell Douglas* burden-shifting framework to overcome his burden on summary judgment. First, Plaintiff must establish a *prima facie* case of job discrimination. Once Plaintiff has established his *prima facie* case, the burden shifts to Defendant to present a legitimate, non-discriminatory reason for its decision to promote Haltom instead of Plaintiff. If Defendant presents a legitimate, non-discriminatory reason for its job decision, Plaintiff must establish that Defendant's reason was a pretext for discrimination, "an explanation designed to obscure the unlawful discriminatory employment action." *Millbrook v. IBP, Inc.*, 280 F.3d 1169, 1174 (7th Cir. 2002) (*Millbrook*).

Defendant does not contest that Plaintiff has met his *prima facie* case. Defendant's legitimate, non-discriminatory reason for promoting Haltom instead of Plaintiff is that the relevant decision-makers concluded Haltom was better qualified. In response, Plaintiff argues this reason is pretextual because: (1) based on work experience, Plaintiff was more qualified for the promotion; (2) Haltom failed to meet the minimum qualifications for the promotion; and (3) Defendant twice failed to promote Plaintiff in the past. Plaintiff also asserts that because a history of minority under-representation existed at the Evanston Fire Department, it should be considered as part of the evidence.

Defendant claims that Plaintiff was not more qualified for the position than Haltom. "[W]here an employer's proffered non-discriminatory reason for its employment decision is that it selected the most qualified candidate, evidence of the applicants' competing qualifications

does not constitute evidence of pretext 'unless those differences are so favorable to the plaintiff that there can be no dispute among reasonable persons of impartial judgment that the plaintiff was clearly better qualified for the position at issue.'" *Millbrook*, 280 F.3d at 1180 (citation omitted).

Plaintiff claims that Defendant's proffered justification is a pretext for discrimination because it is undisputed that Haltom did not possess the Fire Officer I Certification required by the Defendant. Plaintiff claims that Haltom was ineligible to even be considered for the promotion; and, therefore, the *Millwood* standard for comparing qualifications does not apply.

A legitimate, non-discriminatory reason for failing to promote Plaintiff is pretextual if the reason is "a lie, specifically a phony reason for some action." Plaintiff may establish pretext by showing that Defendant's explanation: (1) had no basis in fact, (2) was not the "real reason," or (3) was insufficient to warrant the denial of Plaintiff's promotion. *James v. Sheahan*, 137 F.3d 1003, 1007 (7th Cir. 1998).

In this case, a genuine issue of material fact exists as to whether Defendant's legitimate, non-discriminatory reason for promoting Haltom had a basis in fact. Defendant explained that it promoted Haltom because he had finished the required training and course work for the Fire Officer I Certificate.

However, it is undisputed that Haltom did not possess the certificate on the date he applied for his promotion. In fact, according to the Illinois State Fire Marshal Office, as of July 12, 2002, Haltom still did not possess the Fire Officer I Certificate. Defendant has failed to present any affidavits, depositions, answers to interrogatories, or admissions that demonstrate Haltom actually possessed the certificate on the relevant dates. Therefore, a genuine issue of

7

material fact exists as to whether Defendant's legitimate, non-discriminatory reason for not promoting Plaintiff was pretextual.

*Motion to Strike*

Plaintiff also filed a motion to strike Defendant's Exhibit 38 and Defendant's denial of paragraph 85 of Plaintiff's Additional Statement of Fact. Because the Court did not consider that exhibit, that motion is denied as moot.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion for Summary Judgment is denied. Plaintiff's Motion to Strike Defendant's Additional Exhibit is denied as moot.

Dated: February 5, 2004

JOHN W. DARRAH
United States District Judge